**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED FINANCIAL CASUALTY COMPANY,** | : | No. 3:15cv2237 |
| | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **FRANK ALARIO; STEPHANIE GIORDANO; JOSEPH ALARIO; and CATHERINE LEAL and MAURISIO LEAL, individually and as the guardians of M.L., a minor,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is Plaintiff United Financial Casualty Company's (hereinafter "United Financial") declaratory judgment complaint.  United Financial seeks a declaration that it is not obligated to defend or indemnify Defendant Frank Alario for negligence arising from a dog bite incident on Alario's boat.  After a review of this matter, we will decline to exercise jurisdiction and dismiss the case *sua sponte*.

## Background

On June 6, 2015, Defendants Frank Alario, Stephanie Giordano, Joseph Alario, Catherine Leal and Maurisio Leal (collectively "defendants") boarded Defendant Frank Alario's boat for a ride on Lake Wallenpaupack, located in Pike County, Pennsylvania.  (Doc. 1-2, Ex. A, Compl. (hereinafter "Compl.") ¶¶ 9-11).  Defendants Catherine and Mauriso Leal's

minor son, M.L., and Stephanie Giordano's English Setter dog also boarded the boat.[1]  (Id. ¶¶ 10-12).  Once onboard, Giordano's dog bit M.L. on his face, causing M.L. to sustain facial injuries.  (Id. ¶ 12).

United Financial insured Defendant Frank Alario's boat and believes M.L. may seek to access the policy's $100,000 liability coverage, contending one or more of the defendants' negligent acts caused his injuries.  (Id. ¶¶ 8, 13).  United Financial seeks a declaration that the dog bite incident is excluded from coverage.  (Id. ¶¶ 15, 18-25).  Specifically, M.L.'s injuries do not arise out of the ownership, maintenance or use of the boat according to United Financial.  (Id.)

United Financial filed the instant action for declaratory judgment pursuant to Pennsylvania's Declaratory Judgment Act, 42 PA. CONS. STAT. ANN. § 7531 *et seq.*, on September 28, 2015, in the Court of Common Pleas of Pike County, Pennsylvania.  (Doc. 1, Notice of Removal ¶ 1). Defendants  filed a timely notice of removal on November 20, 2015.  (Doc. 1).  On December 1, 2015, United Financial filed a motion to remand this matter to state court (Doc. 3), and on December 3, 2015, the defendants filed a motion to change venue (Doc. 8), bringing the case to its present posture.

---

[1]  The court will refer to this minor individual only by his initials.  See Local Rule 5.2(d)(2); FEDERAL RULE OF CIVIL PROCEDURE 5.2.

**Discussion**

Generally, in diversity cases, we apply the law of Pennsylvania. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  However, "federal courts are to apply state substantive law and federal procedural law."  Hanna v. Plumer, 380 U.S. 460, 465 (1965).  The instant case is before the court in the form of a declaratory judgment action, and federal courts have concluded that declaratory judgment actions are procedural rather than substantive.  See Fischer & Porter Co. v. Moorco Int'l Inc., 869 F. Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the [Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it."); Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir. 1978) (holding that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights . . . .  The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief.").  As a result, the court here would apply substantive Pennsylvania law in interpreting the insurance contract, but the procedural strictures of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.  Fischer & Porter, 869 F. Supp. at 326.

3

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added); see also Reifer v. Westport Ins. Corp., 751 F.3d 129 (3d Cir. 2014). The United States Supreme Court has explained that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942). "Rather than being subject to the 'normal principle that federal courts should adjudicate claims within their jurisdiction,' district courts exercising DJA discretion are governed by 'considerations of practicality and wise judicial administration.'" Reifer at 139 (quoting Wilton at 288). A court may *sua sponte* exercise its discretion not to hear a declaratory judgment action. Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 136 (3d Cir. 2001).

Regarding the high volume of declaratory judgment actions filed by

4

insurance companies and their insureds, the Third Circuit has warned that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum."  <u>Summy</u>, 234 F.3d at 136.  To this end, the Third Circuit enumerated the following eight factors to guide district courts in exercising its declaratory judgment action discretion:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

<u>Reifer</u>, 751 F.3d at 146.

Finally, the Third Circuit Court of Appeals has held that "the existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider."  <u>Id.</u> at 144.   The court did note, however, that just as "the absence of pending parallel state proceedings

militates significantly in favor of exercising jurisdiction," so too does the presence of pending state proceedings weigh heavily in favor of declining jurisdiction.  Id.  The Third Circuit thus placed particular emphasis on parallel state proceedings and directed the district courts to "be rigorous in ensuring themselves that the existence [or absence] of parallel state proceedings is outweighed by opposing factors."  Id. at 145.  With these precepts in mind, we address the eight Reifer factors in turn.

First we address whether a federal court declaration will resolve the uncertainty of obligation giving rise to the controversy.  Any declaration that we provide would resolve the uncertainty of the obligation which may arise in a potential state court negligence action.  Only the potential state court action, however, would resolve the underlying liability issue.  The risk of this court making findings of fact that may conflict with the eventual findings of the state court adds to the uncertainty of the matter, militating against the exercise of federal jurisdiction.

The next factor is the convenience of the parties.  The parties have not yet engaged in discovery and no other litigation in this matter has occurred.  With the exception of Defendant Joseph Alario, however, the four remaining defendants all live thirty minutes closer to the Pike County

Courthouse than the Federal Courthouse in Scranton.[2]  Thus, retaining jurisdiction on this basis will impose inconvenience on these defendants.

The Third Circuit has instructed that we should next examine the level of public interest in settlement of the uncertainty of the obligation. The instant case does not involve pressing public interest.  The case involves specific facts related to an insurance company, an insured boat, a dog, a minor child bitten by the dog, and the child's parents.  This factor, thus, does not weigh in favor of maintaining jurisdiction.

The availability and relative convenience of other remedies does not impact the court's determination regarding whether to exercise jurisdiction. The court will either decide the matter in federal court or remand the case to state court.

Factors five and six are inapplicable because no other state court proceedings are pending.

---

[2] A google maps search demonstrates that Defendant Joseph Alario's residence in Danville, Pennsylvania is one hour and fifteen minutes from the federal courthouse in Scranton and two hours from the Pike County Courthouse.  Defendant Frank Alario's residence in Colts Neck, NJ and Defendant Stephanie Giordano's residence in Woodbridge, NJ are two hours from the Pike County Courthouse and two and a half hours from the federal courthouse in Scranton.  Finally, Defendants Catherine and Mauriso Leal's residence in Holmdel, NJ is one hour and forty-five minutes from the Pike County Courthouse and two hours and fifteen minutes from the federal courthouse in Scranton.  See GOOGLE MAPS, https://www.google.com/maps (last accessed Dec. 11, 2015).

The seventh factor directs courts to consider preventing "the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." Reifer, 751 F.3d at 140. The Third Circuit has noted that "[t]he object of the [the Federal Declaratory Judgment Act] is to afford a new form of relief where needed, not to furnish a new choice of tribunals or to draw into the federal courts the adjudication of causes properly cognizable by courts of the states." Travelers Ins. Co. v. Davis, 490 F.2d 536, 543 (3d Cir. 1974) (internal quotations omitted).

Plaintiffs are masters of their claims and may commence an action in their chosen forum. Here, United Financial properly asserted their right to file the underlying action in the Court of Common Pleas of Pike County, Pennsylvania. The defendants, however, seek to manufacture a new forum, one that is not United financial's chosen forum, by removing this matter to federal court. Accordingly, the seventh factor weighs in favor of remand.

Finally, the eighth factor is inapplicable at this time because United Financial's duty to defend has not arisen. The court notes, however, that United Financial has indicated M.L. will likely institute a state court negligence action, and when this lawsuit is filed, United Financial's duty to

8

defend will arise, and the coverage issue will inevitably arise before the matter is concluded in state court.

After reviewing all the Reifer factors, we find that they weigh in favor using our discretion to decline hearing the instant matter.

Further, we are reluctant to exercise declaratory jurisdiction where the sole issue neither presents any federal question nor promotes any federal interest. United Financial seeks a declaration pursuant to state law that it doesn't owe coverage–that is indemnity or defense–under the subject insurance policy. Any judgment we would issue would depend on applying well-settled principles of Pennsylvania law to the same factual occurrences that gave rise to the state-court suit. United Financial does not seek the resolution of questions of federal statutory or constitutional law that we might be peculiarly qualified to answer.

A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so. See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum"). As the Third Circuit Court of Appeals has explained,

> The state's interest in resolving its own law must not be
> given short shrift simply because one party or, indeed,

9

> both parties, perceive some advantage in the federal
> forum. When state law is firmly established, there would
> seem to be even less reason for the parties to resort to
> the federal courts. Unusual circumstances may
> occasionally justify such action, but declaratory
> judgments in such cases should be rare.

Id.

Adding our opinion to those of the state court would make the matter unnecessarily more complex.  Further, the complaint indicates that litigation is likely in state court.  Having this court settle a matter of contract interpretation would require an inquiry into the facts of that case, and would represent an inefficient allocation of judicial resources.

**Conclusion**

Accordingly, our interest in comity and respect for the judgments of state courts compel us to use our discretion to decline to exercise jurisdiction in this case.  Moreover, the matter before this court is one of contract interpretation under state, rather than federal law.  No unique questions of federal law exist, and this court's expertise is not necessary for a just outcome in the case.  The court will therefore *sua sponte* remand this action to state court.  An appropriate order follows.

**Date:   12/14/2015**                              **s/ James M. Munley**
                                                    **JUDGE JAMES M. MUNLEY**
                                                    **United States District Court**